**FILED**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2013 JAN 24  P 12: 29

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

AMERICAN SOUTHERN INSURANCE
COMPANY,

        Plaintiff,

v.

    Civil Action No. _1:13cv106-AJT/TCB_

OCEAN ATLANTIC SERVICES
CORPORATION,
    a Virginia corporation,

    SERVE:    John C. Carroll
                Registered Agent
                1800 Diagonal Road, Suite 600
                Alexandria, VA 22314


PFG-WESTBURY, LLC,
    A Virginia corporation,

    SERVE:    National Registered Agents, Inc.
                Registered Agent
                200 W. Adams Street, Suite 2007
                Chicago, IL 60606

and

JOHN C. CARROLL

    SERVE:    635 First Street, Unit 401
                Alexandria, VA 22314


### COMPLAINT FOR INDEMNITY AND QUIA TIMET RELIEF

The plaintiff, American Southern Insurance Company, by counsel, in accordance

with the provisions of Rule 3 of the Federal Rules of Civil Procedure, files its Complaint

for Indemnity and Quia Timet Relief (the "Complaint") against the defendants, Ocean

Atlantic Services Corporation, PFG-Westbury, LLC and John C. Carroll (collectively referenced as "Defendants" or "Indemnitors").

## THE PARTIES

1.      The plaintiff, American Southern Insurance Company ("ASIC") is a corporation duly organized and existing under the laws of the State of Kansas and maintains its principal place of business in Atlanta, Georgia.

2.      The defendant, Ocean Atlantic Service Corporation ("Ocean Atlantic") is a corporation organized and existing under the laws of the State of Virginia and maintains its principal place of business in Alexandria, Virginia.

3.      The defendant, PFG-Westbury, LLC is a corporation organized and existing under the laws of the State of Virginia and maintains its principal place of business in Alexandria, Virginia.

4.      The individual defendant, John C. Carroll, is a citizen of the Commonwealth of Virginia.  Mr. Carroll resides at 635 First Street, Unit 401, Alexandria, Virginia 22314 (Alexandria County).

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction under the provision of 28 U.S.C. § 1332 in that ASIC is a citizen of the State of Georgia and Ocean Atlantic, PFG-Westbury, LLC and John C. Carroll are citizens of the Commonwealth of Virginia.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue in this Court is proper as it is specifically conferred by the provision of 28 U.S.C. § 1391 as the defendants reside in this district and a substantial

2

part of the events or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district and division.

## STATEMENT OF FACTS

7.      During the relevant time period, Ocean Atlantic was a corporation engaged in general contracting with John C. Carroll serving as the president of Ocean Atlantic.

8.      On or about June 14, 2006, each and every defendant executed and delivered a General Indemnity Agreement (hereinafter referred to as the "GIA") to ASIC, a true and accurate copy of which is attached hereto and incorporated herein as Exhibit A. Pursuant to the terms and conditions of the GIA, the Indemnitors, in return for the execution by ASIC from time to time of certain bonds as surety for Ocean Atlantic, agreed, *inter alia*, to exonerate, reimburse and indemnify ASIC for all losses, costs and expenses incurred in connection with the issuance of such bonds.

9.      Pursuant to the terms of the GIA, each and every Indemnitor is jointly and severally liable under the various terms and conditions of the GIA, including, but not limited to, the following relevant provisions:

> 2. The Indemnitors will indemnify and save the Company harmless from and against every claim, demand, cost, charge, suit, judgment and expense which the Company may pay or incur in consequence of having executed, or procured the execution of, such bonds, or any renewals or continuations thereof or substitutes therefore, including fees of attorneys, whether, on salary, retainer or otherwise, and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the Indemnitors under this Agreement. In the event of payment by the Company, the Indemnitors agree to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of the Indemnitor's liability therefore to the Company. (See, ¶2 of GIA, Exhibit A).

10.     In reliance upon the Indemnitors' promises contained within the GIA, ASIC issued the following surety subdivision performance bonds, Bond Nos. B98815012754, B98815015131, B98815015132, B98815015133, B98815015134, B98815015136 and B98815015143 (collectively referred to as the "Bonds"), naming the United City of Yorkville, Illinois as the obligee and Ocean Atlantic as principal, guaranteeing the installation of certain public improvements by Ocean Atlantic at the subdivision commonly known as Westbury Village in Yorkville, Illinois (the "Project"). (True and accurate copies of the Bonds are attached hereto as Group Exhibit B).

11.     On or about May 28, 2009, The United City of Yorkville ("Yorkville") made a demand upon Bond Nos. B98815015131, B98815015132 and B98815015133 for amounts allegedly due and owing to three subcontractors, Aurora Blacktop, Inc., Ryan Central Incorporated and Pirtano Construction, Inc. ("Subcontractors"), by Ocean Atlantic for labor and materials supplied to the Project.

12.     On or about June 18, 2009, ASIC denied Yorkville's claim as the Bonds are performance bonds for the benefit of Yorkville, as the bond obligee, guaranteeing the completion of certain bonded public improvements, and not payment bonds for the benefit of unpaid contractors, subcontractors or third parties of Ocean Atlantic.

13.     On or about August 25, 2009, Yorkville made an additional demand upon Bond Nos. B98815012754, B98815015131, B98815015132, B98815015133, B98815015134, B98815015136 and B98815015143 for amounts allegedly due and owing to the Subcontractors by Ocean Atlantic for labor and materials supplied to the Project.

14.     On or about September 11, 2009, ASIC denied Yorkville's claim as the Bonds are performance bonds for the benefit of Yorkville, as the bond obligee, guaranteeing the completion of certain bonded public improvements, and not payment bonds for the benefit of unpaid contractors, subcontractors or third parties of Ocean Atlantic.

15.     In early 2010, the Subcontractors filed separate lawsuits against ASIC and Ocean Atlantic, making claims on the Bonds ("Subcontractor Lawsuits"). ASIC removed each of the Subcontractor Lawsuits to the Northern District of Illinois, Eastern Division.

16.     Ocean Atlantic failed to appear in any of the Subcontractor Lawsuits.

17.     ASIC successfully moved to dismiss each Subcontractor Lawsuit. Subsequent thereto, Aurora Blacktop, Inc. appealed the dismissal of its suit with the Seventh Circuit Court of Appeals. The Seventh Circuit found in favor of ASIC, holding that the Subcontractors lacked standing to make a claim on the Bonds as the subcontractors were not third-party beneficiaries to the Bonds.

18.     On January 28, 2011, ASIC brought suit against Ocean Atlantic and PFG-Westbury, LLC and John C. Carroll, in the Northern District of Illinois, Eastern Division, for breach of the GIA, exoneration, *quia timet* and specific performance seeking damages incurred as of that date. All defendants failed to appear and the Court, on June 29, 2011, entered judgment in favor of ASIC in the amount of $52,959.51 and against Ocean Atlantic Service Corporation, PFG-Westbury, LLC and John C. Carroll, jointly and severally, and ordered defendants to post collateral in the amount of $555,350.97 with ASIC (the "Judgment"). (A true and accurate copy of the Judgment is attached hereto as Exhibit C).

19. The Judgment represents certain losses incurred by ASIC relating to the Subcontractor Lawsuits and does not include attorney's fees and costs relating to any other matter.

20. Defendants, despite being direct by a federal court order, have refused to post collateral and the entire Judgment remains unsatisfied.

21. Subsequent thereto, in March of 2011, The United City of Yorkville ("Yorkville") filed suit against ASIC, Ocean Atlantic and Ocean Atlantic/PFG Westbury, LLC in the Northern District of Illinois, Eastern Division based upon the alleged unpaid amounts due to the Subcontractors, styled *The United City of Yorkville v. Ocean Atlantic Service Corp., et al.*, Case No. 11-CV-1984 (the "Lawsuit").

22. On June 19, 2012, over one year after filing suit against ASIC, Yorkville made a claim on Bond Nos. B98815012754, B98815015131, B98815015132, B98815015133, B98815015134, B98815015136 and B98815015143 for the performance of unspecified items of work remaining to be performed at the Project. Yorkville added an "alternative count" to the Lawsuit for completion of public improvements.

23. Ocean Atlantic and Ocean Atlantic/PFG Westbury, LLC failed to appear in the Lawsuit.

24. ASIC appeared in the Lawsuit and is currently defending the claims made against it by Yorkville.

25. As of January 2013, ASIC has incurred losses in connection with the Bonds it issued on behalf of the Indemnitors totaling more than $350,000.00 in consultant and legal fees, costs and expenses in defending the Lawsuit.

26.     ASIC anticipates that additional legal fees, consulting costs and expenses will be incurred in the future as a result of issuing the Bonds, in defending the Lawsuit and in connection with its efforts to enforce its rights under the GIA and in attempting to force the compliance of the Indemnitors with their express duty of indemnification under the terms of the GIA.

27.     ASIC, pursuant to the terms and provisions of the GIA, has demanded that the Indemnitors comply with the terms and provisions of the GIA.

28.     These demands have included, but are in no respect limited to, demands that the Indemnitors indemnify ASIC from and against any and all liability for losses and/or expenses of every kind and description.

29.     Additionally, as a result of the claims made on the Bonds, and pursuant to its rights under the GIA, ASIC demanded that Indemnitors post collateral.

30.     The Indemnitors, however, have failed to comply with a federal court order to post collateral and to comply with and perform their obligations as set forth in the GIA.

## COUNT I - SPECIFIC PERFORMANCE OF COLLATERAL DEPOSIT

31.     ASIC reasserts and realleges paragraphs 1 through 30 of its Complaint as if fully restated herein Count I.

32.     On June 14, 2010, ASIC made a demand upon the Indemnitors pursuant to the GIA for deposit of the penal sum of the Bonds, $3,458,192.00, in response to the claims received on the Bonds. (A true and accurate copy of the June 14, 2010 letter is attached hereto as Group Exhibit D).

33.    On December 28, 2010, ASIC made a demand upon the Indemnitors pursuant to the GIA for deposit of an additional $555,350.97 in response to claims made on the Bonds. (A true and accurate copy of the December 28, 2010 letter is attached hereto as Group Exhibit D).

34.    Additionally, on June 29, 2011, a Court Order was entered in the Northern District of Illinois, Eastern Division, ordering the Defendants to post collateral in the amount of $555,350.97 with ASIC. Defendants have refused to comply with the federal court order.

35.    The Defendants have failed or refused to provide any of the collateral demanded as required by the GIA and/or satisfy the Judgment ordering the deposit of collateral.

36.    The Defendants' failure and refusal to provide collateral is a breach of the terms of the GIA and deprives the Plaintiff of the benefit of the terms contained in the GIA.

**WHEREFORE**, Plaintiff American Southern Insurance Company prays that this Honorable Court:

A.    Enter an order requiring each of the Defendants to specifically perform their obligations under the GIA and provide ASIC with collateral in the amount of the penal sum of the Bonds, $3,458,192.00, in cash or cash equivalents;

B.    Enter an award of Plaintiff's attorneys fees and costs; and

C.    Provide such other and further relief as this Court deems just.

## COUNT II - INDEMNITY

37.    ASIC reasserts and realleges paragraphs 1 through 36 of its Complaint as if fully restated herein.

38.    ASIC has incurred losses in connection with issuing the Bonds, including, but not limited to, paying expenses of attorneys and consultants for assistance and advice in responding to claims and suits, and expects to pay additional costs and expenses, including legal and consulting fees, which the Indemnitors are required to indemnify ASIC pursuant to the terms of the GIA.

39.    Additionally, ASIC has incurred and will incur expenses and attorneys' fees in the enforcement of its rights under the GIA.

40.    The Indemnitors are required to reimburse ASIC for the amount of all such losses and expenses incurred pursuant to the terms and conditions of the GIA.

41.    The Indemnitors' failure to reimburse and indemnify ASIC constitutes a breach of the GIA by the Indemnitors.

42.    As a result of the breach, ASIC has sustained damages well in excess of $350,000.00, exclusive of interest and costs.

**WHEREFORE,** the Plaintiff, American Southern Insurance Company, prays that this Court grant the following relief:

A.    That judgment be entered against the Indemnitors in excess of $350,000, the amount of all losses sustained and expenses incurred by ASIC to date, including, but not limited to, interest, costs and attorneys' fees as a result of issuing the Bonds;

B.    That the Indemnitors immediately and specifically perform their obligations under the GIA to fully and completely indemnify ASIC for all costs and expenses incurred and that will be incurred as required by the GIA; and

C.    Provide such other and further relief to ASIC as this Court deems appropriate.

## COUNT III – *QUIA TIMET*

43.    ASIC reasserts and realleges paragraphs 1 through 42 of its Complaint as if fully restated herein.

44.    As of the filing of this Complaint, the Obligee, Yorkville, has made claims on the Bonds in excess of the penal sums and ASIC has sustained documented losses in excess of $350,000 in the form of consultant and legal fees, costs and expenses in defending the Lawsuit.   Additionally, Defendants have failed to satisfy the pending Judgment of $555,350.97 entered against them in favor of ASIC.

45.    The Indemnitors have wholly failed and/or otherwise refused to fulfill their obligations to indemnify ASIC by discharging ASIC from liability under the Bonds and/or depositing collateral, notwithstanding repeated demands.

46.    ASIC justifiably fears it will sustain irreparable harm by sustaining significant losses as a result of its issuance of the Bonds and due to the Indemnitors' failure to satisfy their obligations.

47.    In accordance with the terms of the GIA and the equitable doctrine of *quia timet*, ASIC is entitled to have the Defendants, jointly and severally, place it immediately

in funds sufficient to cover the losses it has sustained and the liabilities to which it is still

exposed by virtue of its issuance of the Bonds.

**WHEREFORE**, the Plaintiff, American Southern Insurance Company, prays that

this Court grant the following relief:

A.    Enter an order requiring each of the Defendants to specifically perform

their obligations under the GIA and provide ASIC with collateral in the

amount of the penal sums of the Bonds, $3,458,192.00, in cash or cash

equivalents;

B.    Enter an award of Plaintiff's attorneys fees and costs; and

C.    Provide such other and further relief as this Court deems just.

Respectfully submitted,

**AMERICAN SOUTHERN
INSURANCE COMPANY,**

By Counsel

Richard T. Pledger (VSB No. 28102)
Archibald Wallace, III (VSB No. 6005)
Thomas J. Moran (VSB No. 71296)
WALLACEPLEDGER, PLLC
7100 Forest Avenue, Suite 302
Richmond, VA 23226-3742
Telephone:     (804) 282-8300
Facsimile:     (804) 282-2555
Email:            rpledger@wallacepledger.com
                     axwallace@wallacepledger.com
                     tmoran@wallacepledger.com